KRESSNER v. MANGANARO.

(Supreme Court, Appellate Term. February 5, 1909.)

1. LANDLORD AND TENANT (§ 133*)—DAMAGES FROM EXCAVATION ON ADJOINING PROPERTY.

A tenant's damages for being compelled by excavations on adjoining premises, over which the landlord had no power or control, to procure other quarters, cannot be offset, by way of counterclaim, against the landlord's claim for rent that had accrued previous to the tenant's abandonment of the premises.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 465–469; Dec. Dig. § 133.*]

2. LANDLORD AND TENANT (§ 296*)—FAILURE TO PAY RENT—DISPOSSESSION.

The tenant not having paid the rent, payable monthly in advance, he and his subtenants may be dispossessed by the landlord.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 1275; Dec. Dig. § 296.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Proceedings by Lewis Kressner against Aniello Manganaro. From a final order for plaintiff, defendant appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and SEABURY, JJ.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Robert B. Knowles, for appellant.
Aaron Morris, for respondent.

PER CURIAM. The appeal is from a final order evicting defendant and his subtenants from premises of plaintiff, which defendant occupied under a written lease running for 3 years and 9 months from August 1, 1908. The defendant deposited $320 as security with plaintiff, who covenanted that defendant should peaceably and quietly have, hold, and enjoy the premises for the term of said lease. The rent was payable in advance monthly, and defendant paid the rent for August, September, and October, 1908, but not for November, 1908; and these proceedings are based upon the nonpayment of rent for the last-named month, which, as we have seen, was due on the 1st day of said month under the terms of the lease. On or about October 17 or October 19, 1908, owing to excavation conducted on the lot adjoining the said premises, over which lot and excavation work plaintiff had no power or control, the house in question became unsafe for habitation, and was so declared to be by the tenement house department, and defendant was compelled to move out of the premises and to procure other premises, and he claims that he has thereby suffered damages in the sum of $1,000. He left, however, a very large ice box in said premises, which he says he abandoned, and he kept the keys of the premises until after November 4, 1908, and some of his subtenants remained in the premises, or came back to the premises, after October 17th or 19th, when defendant claims to have been evicted, and remained there until after November 4, 1908, and plaintiff's witness states that plaintiff could not get possession of the premises from defendant and his subtenants up to November 4, 1908. The justice found all essential questions of fact in favor of the landlord, and apparently held that, as defendant was still in possession on November 4th, he was liable for the rent that had accrued on November 1, 1908.

Defendant's alleged damages for being compelled to procure other quarters on October 17th or 19th cannot be offset, by way of counterclaim, against the plaintiff's claim for rent that had accrued previous to the abandonment of the premises by defendant. As it is undisputed that defendant has not paid that rent, the plaintiff is entitled to dispossess defendant and his subtenants for such failure to pay the November rent. Having reached this conclusion, it is unnecessary to discuss the other questions raised.

The final order should be affirmed, with costs.